**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THOMAS-FREDERICK ROGERS,<br><br>        Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY,<br><br>        Defendant. | Case No. 2:23-cv-12561 (BRM) (LDW)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

      Before this Court is a Motion to Dismiss filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) by Defendant State of New Jersey (the "State"). (ECF No. 17.) *Pro se* Plaintiff Thomas-Frederick Rogers ("Plaintiff") filed an opposition (ECF No. 18), the State filed a reply (ECF No. 19), and Plaintiff filed a sur-reply (ECF No. 20). Thereafter, Plaintiff also filed a "Motion for In-Camera Hearing."[1] (ECF No. 23.) Having reviewed the parties' submissions filed in connection with the Motion to Dismiss and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, the State's Motion to Dismiss (ECF No. 17) is **GRANTED**.

---

[1] The Court construes this filing as further opposition to the Motion to Dismiss. (*See* ECF No. 24.)

## I. BACKGROUND

### A. Factual Background

Plaintiff does not provide specific factual allegations. Instead, along with the Complaint, Plaintiff provides a "Notice of Intent and Stipulation to the Facts" which includes a heading referencing the Borough of Rockaway Municipal Court. (ECF No. 1 at 25–26.) This section of the Complaint provides the following:

> I, Thomas-Frederick, have no intention whatsoever of fighting with this court or any of the officers. There is no need. The Internal Revenue Service only requires this stipulation to the facts and an invoice.
>
> Maybe it is time that we knock off the [sh*t] between us and work together to put this behind us. I played your game. Your system terrorized my family and I to no end. I know who you are and what your true obligations are. You know who I am and that I know who I am.
>
> I would love to give all of you true forgiveness. If you want it though you must give back what you are obligated to give back. Take your obligations to safeguard my daughters seriously. Do it without playing any more games. No more tests.
>
> If on the other hand, I receive a notice of failure to appear for the beneficiary without first receiving the prerequisite evidence required to invoke the jurisdiction of the court, then I shall presume that the court has no intention to settle this matter as required by law. I will then satisfy the penalty. The failure to appear notice in conjunction with my receipt will be the court's stipulation to the breach of trust and treason. The court officers, I.E. co-trustees, involved in this matter will then be billed $25,000,000.00 (twenty-five million dollars) each for the withholding of the rights and property from the beneficiary and ultimately my use.
>
> This will also serve as the stipulation to the fact that no court of the STATE OF NEW JERSEY ever had constitutional authority to take the actions against me, Thomas-Frederick, simply because it was my wish to exercise the benefits of the beneficiary that I was entitled to. The invoices for the instances dating back to 2016 when this vendetta started will be much more expensive due to the nature of the withholdings. If I am forced to invoice this matter, the court will

receive the billing schedule that the invoices will be based upon.

**Everyone can benefit!**

At this time, enough has been taken from me that my determination is such that I will march to the gates of hell and poke Satan himself in the ass with a sharp stick if that's what it takes to make things right. I would prefer to get my tan in Florida.

Settle these accounts and give my [sh*t] back as required. The trustee will get his expenses. The United States will get some tax money. I can feel okay about what I was put through seeing it as an investment. The trustees can finally put this behind them with zero liability. I can have the opportunity to put my family back together again.

How about it? Can we work together now?

(ECF No. 1 at 27–28) (emphasis in original) (alterations added).

Although not mentioned in the Complaint, it is undisputed that a consent order was entered in a criminal action in the Superior Court of New Jersey, Union County which involved Plaintiff.[2] (ECF No. 17-4 at 7; ECF No. 18 at 9.) The consent order prohibited Plaintiff from filing any future liens, encumbrances, or court actions against the Honorable Kathy Qasim, J.S.C., the Honorable Stuart Minkowitz, J.S.C., the Honorable Gerard Smith, J.M.C., Brian Mason, Police Officer Z.

---

[2] Pursuant to the Federal Rules of Evidence, a Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *see also United States v. Carr*, 25 F.3d 1194, 1203 (3d Cir. 1994). Taking notice of matters of public record does not convert a motion to dismiss into a motion for summary judgment so long as the facts are noticed in accordance with the Federal Rules of Evidence. *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). However, it "is improper for a court to take judicial notice of the veracity and validity of a public document's contents when the parties dispute the meaning and truth of the contents." *See, e.g., Lee v. City of L.A.*, 250 F.3d 668, 690 (9th Cir. 2001) (reversing a district court's grant of a motion to dismiss where the court not only took judicial notice of undisputed matters of public record but also took judicial notice of "disputed facts stated in public records" and relied on the validity of those facts in deciding the motion to dismiss). The consent order is not relevant to the Court's holdings. Notwithstanding, the Court takes judicial notice of its existence.

Lancaster, the Honorable Ira Cohen, J.M.C., Police Officer Kevin Kukan, and New Jersey State Trooper Richard Maliszewski. (ECF No. 17-4 at 7; Certification of Elizabeth A. Hyland, Ex. A (ECF No. 17-5).)

1. <u>Facts Not Included in the Complaint[3]</u>

In his opposition, under a section entitled "History of Claim," Plaintiff provides factual allegations and states: "On August 10, 2023, armed combatants of a State of the United States placed me under common law arrest and issued ticket number 1434 E23 316." (ECF No. 18 at 1.) Further, Plaintiff seemingly clarifies that he did not intend to file the Complaint before this Court, instead "[the Complaint[4]] was filed with the [Rockaway Borough Municipal Court] as a claim in equity in accordance with the Trading with the Enemies Act. Copies were sent to Lisa Thompson, Judge John Michael Vazquez, and U.S. Attorney Philip Sellinger." (*Id.* at 1–2.) Plaintiff submits that the Complaint "was not written to satisfy the requirements of a civil rights complaint. It is filed with the [Rockaway Borough Municipal Court] as a claim in equity." (*Id.* at 5.)

Plaintiff then details a series of miscellaneous events leading up to the consent order including: Plaintiff was placed under arrest by the Township of Rockaway's police; Plaintiff was

---

[3] Given that Plaintiff did not provide factual allegations, the Court merely notes the following facts which were submitted along with Plaintiff's opposition in order to provide a background of the allegations upon which Plaintiff seeks recourse. These facts are not relied upon in the Court's ruling as it is well settled that a plaintiff cannot amend a complaint in a brief opposing a motion to dismiss. *Commonwealth of Pa. ex rel. Zimmerman*, 836 F.2d 173, 181 (3d Cir. 1988); *see also Pue v. N.J. Dep't of Labor*, Civ. A. No. 23-855, 2023 WL 5671561, at *4 n.8 (D.N.J. Sept. 1, 2023) ("While the Court construes Plaintiff's Amended Complaint liberally, the Court cannot consider new facts presented for the first time in opposition."); *Knopick v. UBS Fin. Servs., Inc.*, 121 F. Supp. 3d 444, 461 (E.D. Pa. 2015) (noting that "it is improper to use an opposition to a motion to dismiss to amend a complaint").

[4] Plaintiff refers to a "Document 1" which appears to be a reference to the Complaint and its electronically stamped header denoting that the Complaint is the first docket entry, "Document 1." (*See* ECF No. 1, 18.)

pulled over by a New Jersey State Trooper which resulted in the impoundment of his vehicle for failure to pay a registration fee; Plaintiff received tickets for a suspended license, no motor vehicle insurance, no seatbelt, and a cracked windshield; Plaintiff attempted to file a lien against an unnamed judge's real and personal property which resulted in felony charges; Plaintiff "was kidnapped by a team of New Jersey State Troopers" multiple times; Plaintiff spent seventeen days at the Morris County Jail then was transferred to the Passaic County Jail where he was released after approximately twenty-four hours. (ECF No. 18 at 6–9.)

### B. Procedural History

On August 29, 2023, Plaintiff filed the Complaint. (ECF No. 1.) Plaintiff brings a claim against the State entitled a "Claim to my daughters." (*Id.* at 21–24.) Plaintiff also raises a "Counter Claim" which sets forth a "jurisdictional challenge" to the Municipal Court's jurisdiction and provides that "any court of the STATE OF NEW JERSEY [does not] have judicial authority over an American citizen." (*Id.* at 15.)

On September 26, 2023, Plaintiff filed three motions entitled: Motion for Declaratory Judgment, Motion to Compel Duties, and Motion to Update All Records. (ECF Nos. 7–9.) By text order dated October 3, 2023, the Honorable Edward S. Kiel, U.S.M.J.[5] denied the motions for being premature and noted that "Plaintiff should refrain from seeking dispositive relief until plaintiff has filed proof of service of process on defendant and defendant has filed an appearance in this case." (ECF No. 11.) On November 29, 2023, the State filed a Motion to Dismiss the Complaint. (ECF No. 17.) On December 4, 2023, Plaintiff filed an opposition which included the three, earlier filed motions. (ECF No. 18.) On December 26, 2023, the State filed a reply. (ECF

---

[5] Judge Kiel is now a district judge.

No. 19.) On December 27, 2023, Plaintiff, without leave of court, filed a sur-reply.[6] (ECF No. 20.)

On February 16, 2024, Plaintiff filed a "Motion for In-Camera Hearing." (ECF No. 23.) On February 23, 2024, Judge Kiel entered a text order stating that Plaintiff's filings related to the Motion to Dismiss (ECF Nos. 18, 23), "will be deemed to present plaintiff's arguments in opposition to the Motion, and will be considered as such. To the extent that the Documents were filed as motions, the Clerk is directed to designate them as being administratively terminated without prejudice." (ECF No. 24.) The Court will provide a brief summary of each of the "motions" that Plaintiff filed in opposition. The Court construes these motions as arguments in opposition to the State's Motion.

In the section of his opposition brief entitled "Motion for Declaratory Judgment," Plaintiff requests the Court "[s]ettle the trust and all associated accounts as directed by Congress in the Trading with the Enemies Act." (ECF No. 18 at 16.) In the section entitled "Motion to Update All Records," Plaintiff submits "[i]t is my wish that the district court of the United States update the records to reflect the proper status of myself, Thomas-Frederick, my daughters, Kately-Holly and Emma-Rose, and that of the corresponding beneficiaries set up for our beneficial use." (*Id.* at 19.) In Plaintiff's "Motion to Compel Duties," Plaintiff asserts "[t]here idiots[] from the Rockaway Borough Municipal Court owe duties and obligations to the beneficiary. It is my wish for the district court of the United States to compel them to complete their tasks as requested in the original responsive pleading filed as document 1 except for rescuing my daughters." (*Id.* at 21.) Finally,

---

[6] Although Plaintiff did not seek leave of Court prior to filing the sur-reply, the Court considered the sur-reply in its review of the Motion to Dismiss. *See Washington v. Ellis*, Civ. A. No. 17-07243, 2021 WL 2982175, at *2 (D.N.J. July 15, 2021) ("It is well settled that [a] pro se plaintiff is entitled to a certain degree of leniency so as to ensure that her case is decided on its merits rather than a procedural technical[ity]." (alterations in original) (internal quotation marks and citations omitted)).

Plaintiff submitted a separate filing entitled "Motion for In-Camera Hearing," wherein Plaintiff states "it is my wish to schedule an in-camera hearing so that we can complete the settlement of the trust and finally put this matter behind all of us." (ECF No. 23 at 3.) Plaintiff requests the Court "[a]uthorize U.S. Marshalls to pick up my daughters," and notes his desire "to move my family to Southern Florida." (*Id.* at 6.)

## II. LEGAL STANDARD

### A. Rule 12(b)(1)[7]

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, Civ. A. No. 12-3922, 2013 WL 1163483, at *2 (D.N.J. Mar. 19, 2013) (quoting *In re Corestates Tr. Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993), *aff'd*, 39 F.3d 61 (3d Cir. 1994)). "In order to have subject matter jurisdiction, a District Court must be able to exercise either federal question jurisdiction or diversity jurisdiction." *Trinh v. Off. of Recs. Phila.*, 779 F. App'x 118, 119–20 (3d Cir. 2019) (citing 28 U.S.C. §§ 1331 & 1332). "[I]t is the plaintiff who bears the burden of proving that the federal court has jurisdiction." *McCracken v. Murphy*, 129 F. App'x 701, 702 (3d Cir. 2005) (citations omitted); *see also Wright v. N.J./Dep't of Educ.*, 115 F. Supp. 3d 490, 495 (D.N.J. 2015) ("It is well-settled that the plaintiff bears the burden of establishing subject matter jurisdiction in order to defeat a motion under Rule 12(b)(1)."). In considering dismissal for lack of subject matter jurisdiction, a district court's focus is not on whether the factual allegations entitle

---

[7] "A motion to dismiss based on [the] Eleventh Amendment, or sovereign immunity, is appropriate under both Rule 12(b)(1) and Rule 12(b)(6)." *In re Est. of McKloskey v. Franklin Twp.*, Civ. A. No. 15-04171, 2017 WL 2600456, at *1 (D.N.J. June 15, 2017) (citing *Carter v. City of Philadelphia*, 181 F.3d 339, 343 (3d Cir. 1999), and then citing *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996)).

7

a plaintiff to relief but rather on whether the court has jurisdiction to hear the claim and grant relief. *Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 445 (D.N.J. 2002) (citing *New Hope Books, Inc. v. Farmer*, 82 F. Supp. 2d 321, 324 (D.N.J. 2000)).

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Id*. (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack, on the other hand, "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id*. (alteration in original) (quoting *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). A "factual challenge allows 'a court [to] weigh and consider evidence outside the pleadings'" and "[n]o presumptive truthfulness attaches to [the] plaintiff's allegations." *Id*. (first alteration in original) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Rather, "'the plaintiff will have the burden of proof that jurisdiction does in fact exist,' and the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Id*. (quoting *Mortensen*, 549 F.2d at 891).

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Id.* at 348 (collecting cases). "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id*. at 350 (alteration in original) (quoting *Kulick v.*

*Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)). "In this vein, when a case raises a disputed factual issue that goes both to the merits and jurisdiction, district courts must 'demand less in the way of jurisdictional proof than would be appropriate at a trial stage.'" *Id*. (citing *Mortensen*, 549 F.2d at 892 (holding dismissal under Rule 12(b)(1) would be "unusual" when the facts necessary to succeed on the merits are at least in part the same as must be alleged or proven to withstand jurisdictional attacks)). These cases make clear that "dismissal via a Rule 12(b)(1) factual challenge to standing should be granted sparingly." *Id*.

### B. Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint to allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pleaded; it must include "factual enhancement" and not just conclusory statements or a recitation of the elements of a cause of action. *See id.* (citations omitted). In assessing plausibility, the court may not consider any "[f]actual claims and assertions raised by a defendant[.]" *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible, "allow[ing] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 570). The Supreme Court's ruling in *Iqbal* emphasizes that plaintiffs must show that the allegations of their complaints are plausible. *See id.* at 670.

While courts generally may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *See In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)) However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

## III. DECISION

The State argues the Complaint should be dismissed because: the claims against the State are barred by the Eleventh Amendment; the State is not considered a "person" as defined by either 42 U.S.C. § 1983 or the New Jersey Civil Rights Act; and Plaintiff has not pleaded a short and plain statement. (ECF No. 17-4.) In opposition, Plaintiff contends that the Eleventh Amendment does not apply to his claim(s). (ECF No. 18.) Further, Plaintiff asserts his requested relief is warranted because of an Amnesty Oath offered to Civil War soldiers. (*Id.*) Plaintiff also seems to suggest he has accepted a Presidential pardon. (*Id.*)

### A. Plaintiff's Claims Against the State Are Barred by Eleventh Amendment Sovereign Immunity

The State has presented the Court with a facial attack challenge to subject matter jurisdiction under Rule 12(b)(1), *see Davis*, 824 F.3d at 346, arguing that the Court must dismiss the Complaint because the claims against the State are barred by the Eleventh Amendment. (ECF No. 17-4 at 11–12.) In opposition, Plaintiff contends the Eleventh Amendment does not apply because: (1) "[t]he judicial power of the United States is not being exercised. This court is an

administrative proceeding under the Trading with the Enemies Act."; (2) "The STATE OF NEW JERSEY as currently established as a State of the United States is not a member of the American Confederacy. It is therefore not one of the United States as contemplated in the 11th Amendment."; and (3) he is entitled to foreign sovereign immunity.[8] (ECF No. 18 at 3–5.)

The Eleventh Amendment provides "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "[T]he Eleventh Amendment has for over a century been held to incorporate a more general principle of sovereign immunity." *Harvey v. Cnty. of Hudson*, Civ. A. No. 14-3670, 2015 WL 9687862, at *3 (D.N.J. Nov. 25, 2015). "In general, it bars citizens from bringing suits for damages against any state in federal court." *Id.* (citing cases). Eleventh Amendment "[s]overeign immunity is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Wright*, 115 F. Supp. 3d at 494 (citing *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000)).

The Court finds that the Complaint is barred by the doctrine of sovereign immunity. Plaintiff brings a claim against the State seeking the return of his daughters. States are immune from suits in federal court brought by their own citizens, or citizens of other states, regardless of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984); *see also Thorpe v. New Jersey*, 246 F. App'x 86, 87 (3d Cir. 2007) ("The Eleventh Amendment of the U.S. Constitution protects a state or state agency from a suit brought in federal court by one of its

---

[8] The Court considered these arguments, but in the interest of judicial economy, the Court will not expand upon why these arguments are meritless. For instance, attached to his complaint, Plaintiff provided a photocopy of his passport which states his place of birth was New Jersey, and his nationality is United States of America. (ECF No. 1-1 at 2.)

12

own citizens regardless of the relief sought . . . ."); *PennEast Pipeline Co., LLC v. New Jersey*, 594 U.S. 482, 499 (2021) ("States retain their immunity from suit regardless of the citizenship of the plaintiff."). There are three exceptions to state sovereign immunity under the Eleventh Amendment: "1) where Congress abrogates the state's immunity pursuant to a valid exercise of its Fourteenth Amendment power; 2) where a state has validly waived its sovereign immunity and 3) where prospective injunctive relief is sought against state officials to end continuing or ongoing violations of federal law." *Wright*, 115 F. Supp. 3d at 494 (citing *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 503 (3d Cir. 2001)). The exceptions do not apply here. Accordingly, the State's Motion to Dismiss the Complaint is **GRANTED**.[9]

### B. Plaintiff Also Failed to Plead a Short and Plain Statement

Plaintiff seemingly asserts various causes of action against the State, the majority of which this Court was forced to deduce on its own as the Complaint largely lacked descriptive paragraphs setting forth each cause of action. For instance, Plaintiff brings a claim against the State entitled a "Claim to my daughters." (ECF No. 1 at 21–24.) Plaintiff alleges his daughters are his property. (*Id.* at 25.) Specifically, Plaintiff asserts, "I am their father. Our Creator has marked them as mine and appointed me to be their guardian. My unique DNA sequence can be found in every cell of their bodies. My guardianship is not presumptive nor does it need perfection. It is absolute." (*Id.*) Plaintiff cites to the Trading with the Enemies Act, "Article 50 of the Geneva Convention IV," and a "Master Shippers Certificate, 40 Stat 411 section 13." (*Id.*) Plaintiff also brings a "Counter Claim," Plaintiff claims vague "injustices," citing to the Alien Property Custodian provision under

---

[9] Because the Court grants the State's Motion based on Eleventh Amendment Sovereign Immunity, the Court will not address the State's arguments related to § 1983 or the New Jersey Civil Rights Act as this defense is moot. Further, it is unclear if Plaintiff is pursuing civil rights claims as he states the Complaint "was not written to satisfy the requirements of a civil rights complaint. It is filed with the [Rockaway Borough Municipal Court] as a claim in equity." (ECF No. 18 at 5.)

the Trading with the Enemies Act and other war-related legislation and treaties. (ECF No. 1 at 11–14.) In a section entitled "Notice of Applicable Maxims of Law," Plaintiff demands "equity," which includes settling "the trust accounts as directed by the Trading with the Enemies Act," liquidating and canceling his marriage license, demanding the State name his two daughters as his property as "the father is the guardian of his sons and daughters" under "God's law," and a two-week shutdown of his business once this Court "settles the accounts and makes the required disbursement." (ECF No. 1 at 3-4).

Under Federal Rule of Civil Procedure 8(a)(2), a civil plaintiff in required to set forth "a short and plain statement of [his or her] claim showing that [he or she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require a plaintiff to provide detailed factual allegations, a plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Compliance with Rule 8 requires a plaintiff to "give the defendants fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal citation omitted).

Plaintiff's Complaint does not meet this burden. It provides almost no factual allegations whatsoever; instead, facts are improperly supplied in Plaintiff's Opposition. (ECF No. 18.) The unadorned, conclusory allegations that Plaintiff based his claims on fail to provide a short and plain statement of the factual allegations underlying Plaintiff's claim as required by Rule 8(a)(2). Therefore, the dismissal of the Complaint is warranted on this basis as well.

## IV. CONCLUSION

For the reasons set forth above, the State's Motion to Dismiss (ECF No. 17) is **GRANTED**. Plaintiff's complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.[10] This case shall be marked as closed. An appropriate Order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: June 28, 2024

---

[10] "Reasons a court could deny leave to amend include undue delay, bad faith, dilatory motive, prejudice, and futility." *Fonti v. Health Pros. & Allied Emps.*, Civ. A. No. 13-4231, 2015 WL 1523834, at *3 (D.N.J. Apr. 2, 2015) (citing *In re Burlington*, 114 F.3d at 1434). "An amendment is futile if the amended complaint would not survive a motion to dismiss." *Cnty. of Hudson v. Janiszewski*, 351 F. App'x 662, 666 (3d Cir. 2009) (citing *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000)). The Court declines to grant Plaintiff an opportunity to amend, because any amendment of the Complaint would be futile. *See Shaikh v. Germadnig*, Civ. A. No. 22-2053, 2023 WL 4534127, at *24–29 (D.N.J. July 13, 2023) (dismissing a *pro se* plaintiff's complaint with prejudice because plaintiff's complaint against defendants who were an "arm" of the State of New Jersey was barred by sovereign immunity); *see also Taylor v. U.S. Att'ys Off.*, Civ. A. No. 10-2286, 2010 WL 4688215, at *2 (D.N.J. Nov. 9, 2010) (dismissing a represented plaintiff's complaint with prejudice because the plaintiff's claims were barred under the doctrine of sovereign immunity).